King v. Secretary, Department of Corrections, et al.                                                                                        Doc. 6

Case 8:05-cv-00799-SCB-MAP          Document 6        Filed 04/27/2005      Page 1 of 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA KING,

                        Petitioner,

-vs-                                              Case No.  8:05-cv-799-T-24MAP

JAMES V. CROSBY, JR.,

                        Respondent.
_____/

## **ORDER**

This cause is before the Court on Petitioner Brenda King (King's) 28 U.S.C. § 2254 petition for writ of habeas corpus originally filed in the United States District Court for the Southern District of Florida.  The petition was transferred to this Court.

King challenges her conviction and sentence entered by the Circuit Court for the Twelfth Judicial Circuit, Sarasota County, Florida, on July 1, 2004.  King pled guilty to four drug-related counts and was sentenced to ten years incarceration with a three year minimum mandatory sentence.  King did not file a direct appeal.  However, she filed a Rule 3.850 motion for post-conviction relief which was denied October 29, 2004.  King did not appeal the denial of Rule 3.850 relief.  She states that she did not appeal because she "was in confinement (isolation) during the appeal period and could not physically go to the law library herself."

### Petitioner King Has Not Exhausted State Court Remedies

A section 2254 petition cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ."  28 U.S.C. 2254(b)(1)(A); Snowden v.

Singletary, 135 F.3d 732, 735 (11th Cir. 1998).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also, Henderson v. Campbell, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden v. Singletary, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing O'Sullivan, 526 U.S. at 845).

In Florida, when Rule 3.850 of the Florida Rules of Criminal Procedure is involved, exhaustion requires not only the filing of a Rule 3.850 motion, but also requires the appeal from the denial of the Rule 3.850 motion. Leonard v. Wainwright, 601 F.2d 807 (5th Cir. 1979) (citations omitted).  Petitioner King herself states that she has not filed an appeal from the denial of Rule 3.850 relief.  Therefore, King has not exhausted her state court remedies.

Accordingly, the Court orders:

That King's petition for writ of habeas corpus is dismissed, without prejudice. The Clerk is directed to enter judgment against King and to close this case.

ORDERED in Tampa, Florida, on April 27, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Brenda King